[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, 741 Realty, Inc. and Storaway, Inc., bring this action seeking injunctive relief against the defendant seeking to enforce two restrictive covenants which they claim pertain to property owned by the defendant known as 710 Derby Ave.
Based on the evidence presented at trial, the court finds the following facts to have been proven by a fair preponderance of the evidence. In May of 1960, Vincent J. Daddio, Sr. and Vincent J. Daddio, Jr. conveyed a parcel of land known as 710-714-716 Derby Avenue to Ann Marie Attruia (Area outlined in red on plaintiffs' exhibit #1). At the time of that transfer the grantor, Vincent J. Daddio, Sr. retained an adjoining parcel known as 720 Derby Avenue for his own use as a homestead. The deed to Attruia contained the following restriction: "No structure shall be erected on said premises other than for residential purposes and for garaging of cars in connection with said residence." It was the intention of the grantors in the conveyance to Attruia that the restrictive covenant contained in the deed was to benefit the land retained by the grantor or grantors rather than to create a general plan of development.
On September 30, 1986 Nicholas Attruia conveyed the parcel known as 710-714-716 Derby Avenue to Joseph C. Jalowiec subject to the same restriction. (Nicholas Attruia had obtained title through a Certificate of Devise from the Estate of Anna M. Attruia). On January 20, 1987 Joseph C. Jalowiec conveyed that same parcel to CT Page 6301 741 Realty again subject to the same restriction.
On March 14, 1988, 741 Realty subdivided the parcel and conveyed a portion thereof which will be referred to as 710 Derby Avenue to William T. Sadick, and retained the portion which will be referred to as 714 Derby Avenue. The deed to Sadick provided that the premises were subject to the restrictions contained in the deed from the Daddios to Attruia referred to above. (Hereinafter Restriction #1). The deed from 741 Realty to Sadick also contained the restriction: (Hereinafter Restriction #2) "Restriction that no mini-storage units or commercial warehouses shall be built on said premises. This restriction shall expire on March 14, 2000." On August 21, 1992 741 Realty leased 714 Derby Avenue to Stor-Away, Inc. (714 Derby Avenue is represented by the non-cross hatched area depicted in plaintiff's exhibit #1 and 710 Derby Avenue is depicted by the cross hatched section depicted thereon). Stor-Away, Inc. is in the mini-storage warehouse leasing business and intends to utilize 714 Derby Avenue for that purpose.
Sadick mortgaged 710 Derby Ave. to Derby Savings Bank on March 25, 1988, and on August 13, 1993, Derby Savings Bank foreclosed on this mortgage. The mortgage deed and certificate of foreclosure contained only restriction #1. On September 29, 1993, Derby Savings Bank conveyed 710 Derby Ave. to Vincent D'Addio, Jr. by warranty deed which contained neither restriction #1 nor restriction #2.
In connection with the earlier litigation involving the parties in this action, restriction #1 was released as to 714 Derby Ave. but that restriction was not released as to 710 Derby Ave.
Prior to 1993 when the defendant acquired 710 Derby Ave., a building on that parcel was used as a real estate office. Since the defendant has acquired the property, the building has been used as a hairdressing salon. The remaining area of 710 Derby Ave. is being used by the defendant to house storage containers. The storage containers in question range in size between 10 feet x 20 feet and 10 feet x 40 feet. The containers are rented to the public for the purpose of storing various items of personal property including household items. Entry is gained through doors in the front of such units. The containers presently on 710 Derby Ave. are set on concrete blocks, not permanently affixed to a foundation and can be moved with a forklift. Such units are also suitable for rental off the premises. 710 Derby Ave. has been leveled, gravel put down and a retaining wall and parking berms CT Page 6302 constructed. There are at present 25 — 26 such containers on 710 Derby Ave., none of which have been utilized off the premises. The rental charge for such containers is $50 per month.
The plaintiffs claim that both restrictive covenants remain in effect, are enforceable by them and have been violated by the defendant. The defendant, on the other hand, claims that restriction #1 has been extinguished by virtue of merger of titles; that restriction #1, if it remains in effect, is not enforceable by the plaintiffs; and that restriction #2 has not been violated and does not preclude those activities which the defendant is conducting on 710 Derby Ave. Each restriction warrants separate discussion.
RESTRICTION #1
The court agrees with the defendant that, insofar as 710 Derby Ave. is concerned, restriction #1 has been extinguished by virtue of the defendant becoming the owner of that parcel. A restrictive covenant is extinguished when the right to enforce the covenant and the obligation to perform it come to rest with one person. Restatement, Property, § 555(a); 20 Am.Jur.2d, Covenants, Conditions, Etc., § 271; Thodos v. Shirk, 248 Iowa 172,79 N.W.2d 733 (1956). As will be discussed below, the court believes that the right to enforce restriction #1 rests with the defendant.
The defendant claims that restriction #1 is not enforceable by the plaintiffs because plaintiffs are not the owner of the land that restriction #1 was intended to benefit. The court agrees.
As has been set forth above, the court finds that it was the intention of the grantors that restriction #1 was intended to benefit their retained land and it was not their intention to adopt a general plan of development with each parcel subject to such restriction. Under such circumstances, the restrictive covenant is enforceable by the owner of the benefitted [benefited] parcel. SeeWhitton v. Clark, 112 Conn. 28 (1930); 20 Am.Jur.2d, Covenants, Conditions, Etc., § 294. Where a parcel of land is sold which is burdened with a restrictive covenant and is thereafter subdivided but not under a plan of general development, the owners of the subdivided parcels ordinarily cannot enforce such restrictions as between themselves as they are not owners of the property which such restriction was intended to benefit. See 51 A.L.R.3d 556, 5600, § 7[b].
For the above reasons, restriction #1 cannot form the basis CT Page 6303 for granting the injunctive relief sought by the plaintiffs.
RESTRICTION #2
As set forth above, restriction #2 is first contained in the deed conveying 710 Derby Ave. from 741 Realty, Inc. to William F. Sadick and provides: "Restriction that no mini-storage units or commercial warehouses shall be built on said premises. This restriction shall expire on March 14, 2000."
The plaintiffs claim that the activities of the plaintiff 710 Derby Ave. are in violation of restriction #2 in that the storage containers referred to above constitute "mini-storage units" which have been "built on said premises." The defendant argues to the contrary that the presence of the storage containers on 710 Derby Ave. do not violate the wording of restriction #2. The court agrees with the plaintiff that the activities of the defendant presently being conducted at 710 Derby Ave. are in violation of restriction #2.
There is little question that the containers in question are used for storage purposes and come within the framework of the term "mini-storage units". The defendant maintains, however, that due to their non-permanent status as described above, they have not been "built" on the premises and are thus not subject to this restriction.
In determining how to construe a certain term in a restrictive covenant, the court should consider the facts of each case with a view toward giving effect to the manifest intention and purpose of the parties. See 20 Am.Jur.2d, Covenants, Conditions, Etc., § 194, and cases cited therein. As pointed out by the plaintiffs in their brief, the term "built" is broad enough to encompass the storage containers on 710 Derby Ave.
In construing the meaning of restriction #2, the court also finds proven by a fair preponderance of the evidence that the plaintiffs, at the time of the transfer of 710 Derby Ave. to Sadick, were in the warehouse storage business on Derby Ave. in the vicinity of that parcel and contemplated such usage of 714 Derby Ave. The court can therefore draw a reasonable inference that it was the intent and purpose of the parties that restriction #2 was included in the deed to Sadick so as to prevent 710 Derby Ave. from being used for a competing business purpose. CT Page 6304
Based upon the above, the court finds that the defendant, with respect to those activities presently being conducted on 710 Derby Ave., is in violation of restriction #2. The court further finds that the plaintiffs are entitled to enforce the terms of restriction #2 as against the defendant.
The defendant has not produced evidence from which the court can find that the plaintiffs are barred from enforce restriction #2 by virtue of the doctrine of unclean hands and therefore the court finds the defendant's special defense not to have been proven.
Wherefore, the defendant is hereby enjoined from using premises at 710 Derby Ave. for mini-storage units or commercial warehouses, including the use to which such premises are presently being utilized as set forth in the court's factual findings.
The court further orders that the defendant remove the storage containers presently situated on 710 Derby Ave. on or before August 1, 1995.
Thompson, J.